

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,
Jose Perez

Jose Perez,

    Plaintiff,

- vs. -

P.A.O. Parking Corporation
and Nicholas Plytas,

    Defendants.

INDEX NO. 08-CV-_____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Jose Perez, by and through his undersigned attorneys, for his complaint against defendants P.A.O. Parking Corp and Nicholas Plytas, alleges as follows:

**THE PARTIES**

1. Plaintiff Mr. Perez is an adult individual residing at 139-81 35th Avenue, Flushing, New York.

2. Plaintiff Mr. Perez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr.

Perez's written consent is attached hereto and incorporated by reference.

3. Upon information and belief, defendant P.A.O. Parking Corp. is a New York corporation with a principal place of business at 214 West 95th Street, New York, NY.

4. At all relevant times, defendant P.A.O. Parking Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5. Upon information and belief, at all relevant times, defendant P.A.O. Parking Corp. has had gross revenues in excess of $500,000.00 and uses goods produced in interstate commerce.

6. Upon information and belief, defendant Nicholas Plytas is a New York resident with an address of 400 East 54th Street, Apt 6G, New York, NY.

7. Upon information and belief, defendant Nicholas Plytas is an owner or part owner and principal of P.A.O. Parking Corp., and has the power to hire and fire employees, set wages and schedules, and retain their records.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Perez's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Perez's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

**FACTS**

10. At all relevant times herein, defendants owned and operated a parking garage open to the general public in New York, New York.

11. From approximately March 2003 until January 8, 2006, Mr. Perez was employed by defendants at the parking garage.

12. Mr. Perez's work was performed in the normal course of defendants' business and was integrated into the business of defendants.

13. The work performed by Mr. Perez required little skill and no capital investment.

14. Mr. Perez's duties did not include managerial responsibilities or the exercise of independent judgment.

15. During Mr. Perez's employment with defendants, he routinely worked between 44 and 60 hours per week, and yet defendants willfully failed to pay his overtime compensation of one-and-one-half times his regular hourly rate in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

16. During the time Mr. Perez was employed at P.A.O., he was routinely paid between $240 and $260 per week, a rate that was often less than the applicable statutory federal and state minimum wages in effect during the time period.

17. Mr. Perez was paid partly in cash and partly by paycheck.

18. Mr. Perez repeatedly asked defendants to pay him legally, but defendants refused, claiming that they could not afford to do so.

19. Upon information and belief, while defendants employed Mr. Perez, defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## COUNT I

### (Fair Labor Standards Act - Overtime)

20. Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

21. At all relevant times, defendants employed Mr. Perez within the meaning of the FLSA.

22. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for the employees' hours worked in excess of forty hours per workweek.

23. As a result of defendants' willful failure to compensate Mr. Perez at a rate not less that one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

25. Due to defendants' FLSA violations, Mr. Perez is entitled to recover from defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably

5

delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

26. Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

27. At all relevant times, Mr. Perez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

28. Defendants willfully violated Mr. Perez's rights by failing to pay him overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137.

29. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

30. Defendants' New York Labor Law violations have caused Mr. Perez irreparable harm for which there is no adequate remedy at law.

31. Due to defendants' New York Labor Law violations, Mr. Perez is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT III

### (Fair Labor Standards Act – Minimum Wage)

32. Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33. At all relevant times, defendants employed Mr. Asare within the meaning of the FLSA.

34. At all relevant times, defendants had a policy and practice of refusing to pay a salary in excess of the minimum wage to their employees.

35. As a result of defendants' willful failure to compensate Mr. Perez at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Due to defendants' FLSA violations, Mr. Perez is entitled to recover from defendants his unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Minimum Wage)

38. Mr. Perez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times, Mr. Perez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40. Defendants willfully violated Mr. Perez's rights by failing to pay him a salary in excess of the minimum wage in violation of the New York Labor Law §§ 652 and its regulations.

41. Defendants' failure to pay salaries in excess of minimum wage was willful within the meaning of New York Labor Law § 663 and supporting regulations.

42. Defendants' New York Labor Law violations have caused Mr. Perez irreparable harm for which there is no adequate remedy at law.

43. Due to defendants' New York Labor Law violations, Mr. Perez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### PRAYER FOR RELIEF

WHEREFORE, Mr. Perez respectfully requests that this Court grant the following relief:

a. A compensatory award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

b. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

c. Compensatory and liquidated damages for failure to pay the minimum wage;

d. Back pay;

e. Punitive damages;

f. An award of prejudgment and postjudgment interest;

9

    g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    h. Such other, further, and different relief as this Court deems just and proper.

Dated: May 6, 2008

*[signature]*

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiff,
Jose Perez
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff Mr. Perez demands a trial by jury on all questions of fact raised by this complaint.

Dated: May 6, 2008

_____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiff,
Jose Perez
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Perez,<br><br>        Plaintiff,<br><br>- vs. -<br><br>P.A.O. Parking Corporation and Nicholas Plytas,<br><br>        Defendants. | CASE NO. 08-CV-_____<br><br>**CONSENT TO SUE** |

I hereby consent to be a plaintiff in the lawsuit named <u>Jose Perez v. P.A.O. Parking Corporation and Nicholas Plytas</u>. I hereby consent to the prosecution of any claims that I may have under the Fair Labor Standards Act and New York Labor Law for, *inter alia*, unpaid overtime, minimum wages, liquidated damages, attorneys' fees, costs, and other relief against defendants.

    I authorize the law firm of Samuel & Stein, its successors and assigns, to represent me in this case.

    By signing this Consent to Sue, I understand that I will be represented by the law firm of Samuel & Stein without prepayment of attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that the law firm of Samuel & Stein may petition the Court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from defendants or one-third of my total settlement or judgment amount (including fees), whichever is greater.

Dated: April 18, 2008

                                                */s/ Jose Perez*
                                                Jose Perez
                                                139 35th Ave, #5Q
                                                Flushing, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Perez,<br><br>　　　　　Plaintiff,<br><br>　　- vs. -<br><br>P.A.O. Parking Corporation<br>and Nicholas Plytas,<br><br>　　　　　Defendants. | CASE NO. 08-CV-_____<br><br>El CONSENTIMIENTO PARA<br>DEMANDAR |

　　Yo por la presente consiento en ser un demandante en el pleito denominado <u>Jose Perez v. P.A.O. Parking Corporation and Nicholas Plytas</u>. Yo por la presente consiento a la prosecución de cualquier reclamo que puedo tener bajo los Estándares Justos de Partido Laborista Actúa y la Ley de Nueva York Partido Laborista para, entierra alia, tiempo extraordinario impagado, los salarios mínimos, los daños liquidados, los abogados' los honorarios, los costos, y otro alivio contra acusados.

　　Autorizo el bufete de abogados de Samuel & Stein, sus sucesores y asigno, para representarme en este caso.

　　Firmando este Consentimiento para Demandar, entiendo que seré representado por el bufete de abogados de Samuel & Stein sin el pago por adelantado de abogados' los honorarios. Entiendo que si demandantes tienen éxito, los costos gastados por abogados en mi beneficio serán descontados de mi arreglo o el juicio primero. Entiendo que el bufete de abogados de Samuel & Stein puede peticionar el Tribunal para un premio de honorarios y costos para ser pagado por acusados en mi beneficio. Entiendo que los honorarios retenidos por los abogados serán o la cantidad recibida de acusados o tercera parte de mi cantidad total del arreglo o el juicio (inclusive honorarios), el que es más grande.

Dated:　April 18, 2008

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Jose Perez
　　　　　　　　　　　　　　　　　　　139 35th Ave, #5Q
　　　　　　　　　　　　　　　　　　　Flushing, New York